A. M. Chandler, Inc. v. Commissioner.
A. M. Chandler, Inc. v. Commissioner
Docket No. 19416.
United States Tax Court
1950 Tax Ct. Memo LEXIS 209; 9 T.C.M. (CCH) 380; T.C.M. (RIA) 50111; April 24, 1950
John L. Westmoreland, Esq., for the petitioner. Edward L. Potter, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent determined an overassessment in petitioner's income tax liability for the fiscal year ended October 31, 1944, of $325.41, and deficiencies in declared value excess-profits tax and excess profits tax for that year in the respective amounts of $303.71 and $5,044.79. The deficiencies are due to the following adjustments made by respondent in net income reported by the petitioner in its return for the fiscal year ended October 31, 1944. Net income as disclosed by return
$18,567.72
Unallowable deductions and additional
income: (a) Officer's salary
5,000.00
Total
$23,567.72
Nontaxable income and additional de-
ductions: (b) Interest paid $154.82
(c) Contributions 243.45
398.27
Net income adjusted
$23,169.45
*210 Adjustment (a), above, is the only one contested in this proceeding. By this adjustment respondent determined that the deduction of $20,000 compensation for A. M. Chandler, president, general manager and sole stockholder of petitioner, exceeded a reasonable amount for his compensation to the extent of $5,000, within the meaning of section 23(a) of the Internal Revenue Code. Petitioner by proper assignments of error contests the correctness of respondent's adjustment (a), and this is the only issue presented for our decision. Findings of Fact Petitioner is a corporation organized and existing under the laws of the State of Georgia, and its tax returns for the fiscal year beginning November 1, 1943, and ending October 31, 1944, were filed with the collector of internal revenue for the district of Georgia. The petitioner was incorporated on March 1, 1934. A. M. Chandler is now and has at all times been its president, general manager, and sole stockholder. It is engaged in the automobile business, with offices at Decatur, Georgia. Before organizing his own company, Chandler was employed as sales manager for a Ford automobile dealer from 1929 to 1934. Prior *211 to 1943, the principal business of the petitioner was the sale of new Ford automobiles and trucks in the territory near the City of Atlanta, Georgia. After the start of World War II, it became impossible to obtain new automobiles and trucks, and during the fiscal year involved the business of petitioner consisted almost entirely of the purchase, reconditioning and sale of used cars of all kinds. The petitioner, under the management of Chandler, apparently grew and prospered from the beginning. In 1940 it paid him his salary of $9,000. In the years ended October 31, 1941, 1942, and 1943, it paid him a salary of $15,000 per year. In the fiscal year ended October 31, 1944, petitioner paid Chandler a salary of $20,000 per year. It had gross sales during the year of $250,449.39 and its adjusted net income for that year was $18,398.25. The secretary of the company, E. P. Plowden, was paid $3,600 per year, and mechanics and other employees, numbering twenty or more, were paid total remuneration of $16,138.83. Chandler's duties as president and manager of petitioner were greatly increased during the taxable year involved and required his attention many additional hours daily due to the *212 fact that new cars were no longer obtainable from the manufacturers. In order to keep his place of business open and operating he had to find and purchase used cars and to obtain new parts for their repair and reconditioning and then sell these reconditioned cars at a profit. He also had to devote more time to obtaining and training competent mechanics to do the work of repair and reconditioning. In addition to Chandler, petitioner had more than twenty other employees during the taxable year, including a bookkeeper or office manager, a parts manager, and a service manager. All of the other employees were mechanics. No one of these employees was capable of relieving Chandler of any of his official or managerial duties. He did all the necessary traveling in finding, inspecting and purchasing used cars, and sold or supervised the sale thereof after they had been repaired. Due to his long years of experience, Chandler was entirely familiar with the operation of such an automobile business in and around Atlanta, Georgia. He was an able and industrious business man. Similar establishments in that locality paid officers and managers performing similar services salaries of $20,000 or more *213 during that period. On account of the war, it was almost impossible to find or employ anyone capable of managing a business such as petitioner operated. The salary of $20,000 per year paid to Chandler during the fiscal year beginning November 1, 1943, and ending October 31, 1944, was not excessive or unreasonable. Opinion LEMIRE, Judge: The respondent in his determination of the deficiencies made three or four adjustments to the net income reported by the petitioner in its return for the fiscal year involved in this proceeding. The only one contested by petitioner is the disallowance by respondent of a part of the salary claimed as a deduction by the petitioner on account of compensation incurred and paid to its president and general manager, A. M. Chandler. Respondent urges that since Chandler was the sole stockholder and determined all actions of the petitioner the situation warrants close scrutiny, citing L. Schepp Co., 25 B.T.A. 419, and kindred cases. We do not disagree with this contention or with the authorities cited in support thereof. Those authorities merely call our attention to the presumptive correctness of the respondent's determination and warn *214 against allowing distribution of profits to kinsfolk or shareholders in the guise of salary. Those cases have no application here. In this case we have ample evidence bearing on the magnitude of the services rendered and the reasonableness of the salary paid to Chandler. Therefore, this case must be decided on the facts shown in the evidence and not upon the presumptive correctness of respondent's determination. The evidence is that Chandler's duties were burdensome and his services vital to the success of the business during the period involved. He could not have been replaced by an employee at a lesser salary and was largely responsible for the entire income realized by the petitioner. In determining whether salary is reasonable in any particular case no single factor is decisive. We must consider the situation as a whole. The tests commonly applied are set out in Mertens Law of Federal Income Taxation, Vol. 4, § 25.51. Not all of the factors there mentioned are covered by evidence in this case, but on the evidence here, covering many of those factors, we are of the opinion that a salary of $20,000 per year for A. M. Chandler for the year ended October 31, 1944, was reasonable, *215 and we so hold. Decision will be entered under Rule 50.